**FILED**

**October 3, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 11:05 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **DAVID MICHAEL FOUST, JR.,** | ) | **Docket No.  2017-03-0832** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.  54975-2017** |
| **PINNACLE DELIVERY SERVICE,** | ) | |
| **Uninsured Employer.** | ) | **Judge Pamela B. Johnson** |

## EXPEDITED HEARING ORDER
## DENYING WORKERS' COMPENSATION BENEFITS

This matter came before the undersigned Workers' Compensation Judge on September 27, 2017, for an Expedited Hearing.  The central legal issues are (1) whether David Michael Foust, Jr. demonstrated he is likely to prevail at a hearing on the merits that he was an employee of Pinnacle Delivery Service and (2) if so, whether Mr. Foust sufficiently demonstrated his injury arose primarily out of and in the course and scope of his employment.  For the reasons set forth below, the Court holds Mr. Foust is likely to prevail in establishing he was an employee of Pinnacle; however, he failed to demonstrate his injury arose primarily out of his employment.  Therefore, the Court denies his claim at this time.

### History of Claim

On July 6, 2017, Mr. Foust alleged he and coworker Melinda Mills delivered flooring to a local residence in west Knoxville, Tennessee.  While moving a 1,700-pound pallet up a steep incline, Mr. Foust slipped, fell, and injured his left knee.  The same day, he reported the injury to Pinnacle's office manager, Mike McCoy.  Mr. Foust testified that he may be wrong on the date and the incident may have occurred on July 5, 7, 8, or 9.  Pinnacle's bills of lading indicated Mr. Foust made deliveries with driver Tony Mills on July 6 in Crossville, Tennessee and surrounding towns; Mr. Foust did not make any deliveries in Knoxville that day.  Pinnacle's bills of lading for July 7 showed Mr. Foust made deliveries in Byrdstown, Tennessee; Mr. Foust did not make any deliveries in Knoxville that day.  According to the Expedited Request for Investigation report, Ms. Mills denied that Mr. Foust rode with her when he was injured.

1

On July 13, Mr. Foust saw Nurse Practitioner Christina Sanks at Cherokee Health Systems and reported he injured his *left* knee at work two weeks ago while pulling a pallet jack of flooring up a steep incline. He further reported that he kept aggravating his knee as he continued to work. Following examination of the *right* knee, Nurse Sanks diagnosed Mr. Foust with acute right *knee* pain and ordered x-rays. Nurse Sanks placed Mr. Foust off work at that time. The next day, Mr. Foust completed x-rays of his *left* knee at Outpatient Diagnostic Center, which demonstrated negative findings.[1] Mr. Foust's medical providers subsequently recommended an MRI, but Mr. Foust did not obtain the test due to lack of funds. On July 25, Mr. Foust sought care at the University of Tennessee Medical Center emergency department. Physician's Assistant Gregory A. Finch diagnosed left knee pain and discharged Mr. Foust with prescriptions for Meloxicam and Prednisone.

Mr. Foust continued working for Pinnacle following the work incident, despite doctor's orders to remain off work. He worked most of July and some in August. He received his last paycheck from Pinnacle on August 12. Since then, he has not worked due to pain and difficulty walking.

Regarding the employment relationship, Mr. Foust testified he began working for Pinnacle in 2015 as a W-2 employee. In the spring of 2016, he transitioned to a 1099 worker, and Pinnacle did not withhold taxes. As a 1099 driver, Mr. Foust received $575 straight pay per week. Following several accidents in the company truck, Mr. Foust lost the ability to drive and rode as a passenger to help another driver make deliveries. He earned $500 straight pay per week as a helper, and Pinnacle deducted $100 per day for any day not worked.

Greg Dupes, sole owner and proprietor of Pinnacle, testified Pinnacle owned the delivery trucks and leased the trucks to drivers.[2] Pinnacle also owned all the delivery equipment. Pinnacle paid for the fuel, repairs, insurance, and maintenance costs.

The Expedited Request for Investigation Report stated eight individuals worked for Pinnacle in varying capacities. All eight workers received 1099 straight pay with deductions for days missed. Pinnacle scheduled the deliveries but gave workers a choice of available delivery routes. Pinnacle controlled the power to terminate workers and also required Mr. Foust and his co-workers to wear a uniform bearing the company name. Pinnacle did not carry workers' compensation insurance, claiming that its workers were all independent contractors not employees.

---

[1] Mr. Foust testified that he appeared for x-rays and Outpatient Diagnostic personnel indicated Nurse Sanks ordered right knee x-rays. He advised Outpatient Diagnostics that he injured his left knee. Outpatient Diagnostics personnel contacted Nurse Sanks' office, which then ordered left knee x-rays.

[2] Pinnacle did not introduce any lease agreements.

**Findings of Fact and Conclusions of Law**

At an Expedited Hearing, Mr. Foust must come forward with sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

*(1) Mr. Foust demonstrated he is likely to prevail at a hearing on the merits he was an employee of Pinnacle Delivery Service*

The Workers' Compensation Law instructs the Court to consider the following factors when determining whether an injured worker is an employee or an independent contractor:

(a) The right to control the conduct of the work;
(b) The right of termination;
(c) The method of payment;
(d) The freedom to select and hire helpers;
(e) The furnishing of tools and equipment;
(f) Self-scheduling of working hours; and
(g) The freedom to offer services to other entities.

Tenn. Code Ann. § 50-6-102(12)(D)(i) (2016). No single aspect of a work relationship is conclusive in making this determination, and in deciding whether a worker is an employee or independent contractor, "the trier of fact must examine all relevant factors and circumstances" of the relationship. *Smiley v. Four Seasons Coach Leasing, Inc., et al.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 28, at *10-11 (July 15, 2016). The fact that a company did not deduct social security or income taxes is not a controlling factor in deciding whether an employer-employee relationship existed. *Id.*

Here, the factors demonstrate Mr. Foust was an employee of Pinnacle when considering all relevant factors and circumstances of the relationship. Pinnacle controlled the deliveries and the right to hire and fire helpers. Pinnacle also owned the delivery trucks and delivery equipment and paid for the fuel, repairs, insurance, and maintenance costs. Payment by 1099 without withholding taxes is not controlling when the Court considers the totality of the evidence. The Court finds Mr. Foust was an employee of Pinnacle for workers' compensation purposes. Thus, the Court holds Mr. Foust came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits in establishing he was an employee of Pinnacle. The Court makes no finding as to whether a covered employment exists under Tennessee Code Annotated section 50-6-106.

***(2) Mr. Foust failed to demonstrate his injury arose primarily out of and in the course and scope of his employment with Pinnacle Delivery Service***

An injury must arise primarily out of and occur in the course and scope of the employment to be compensable under the Workers' Compensation Law. See Tenn. Code Ann. § 50-6-102(14). The term "injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." *Id.*

The record is unclear when and where the alleged work incident occurred. Mr. Foust testified he injured himself in west Knoxville, Tennessee, when he pushed a pallet up a steep incline. He indicated the incident occurred on July 6, 2017, while working with Melinda Mills. Ms. Mills denied she worked with Mr. Foust when he injured himself. Pinnacle bills of lading demonstrated Mr. Foust did not work in Knoxville, Tennessee on either July 6 or 7. Mr. Foust admitted that he could be wrong on the date; the incident may have occurred on July 5, 7, 8, or 9. The July 13 office note from Cherokee Health indicated Mr. Foust reported the work incident happened two weeks prior to the visit. Based upon the evidence available at this time, the Court must conclude that Mr. Foust failed to demonstrate he is likely to prevail at a hearing on the merits proving a specific incident, identifiable by time and place of occurrence.

Therefore, as a matter of law, the Court denies Mr. Foust's request for benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Foust's claim against Pinnacle Delivery Services for the requested benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **December 14, 2017**, at **9:30 a.m. Eastern Time**. The parties must call 865-594-0091 or 855-543-5041 toll-free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

4

**ENTERED the 3rd day of October, 2017.**

**PAMELA B. JOHNSON, JUDGE**
Court of Workers' Compensation Claims

## APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Notice of Filing

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
1. Affidavit of David Michael Foust, Jr.
2. Expedited Request for Investigation Report
3. Medical Record of Cherokee Health Systems
4. Medical Record of Outpatient Diagnostic Center
5. Medical Record of University of Tennessee Medical Center
6. Wage Records
7. July 6, 2017 Bills of Lading, Map, Driving Directions, and Distances
8. Sprint Telephone Records for July 6 and 7, 2017, and Text Message
9. Text Messages on July 17, 2017
10. July 7, 2017 Bills of Lading
11. Text Message

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on the 3rd day of October, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Glen B. Rutherford, Employee's Attorney | | | X | grutherford@knoxlawyers.com |
| Pinnacle Delivery Service, Self-Represented Employer | X | | X | Greg Dupes, owner 2132 Bainbridge Way Knoxville, Tennessee 37849 g.dupes@pinnacledeliveryservice.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

6